## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## (SOUTHERN DIVISION)

RAYMOND JONNA, SIMON JONNA, and
FARID JAMARDOV,

        Plaintiffs,

                                CASE NO.: 22-CV-10208

v.

                                Hon. Laurie J. Michelson

GIBF GP, Inc. d/b/a BITCOIN LATINUM,     Mag. Jonathan J.C. Grey
and KEVIN JONNA,

        Defendants

_____

**DEFENDANT KEVIN JONNA'S MOTION AND BRIEF IN SUPPORT
TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
FOR LACK OF PERSONAL JURISDICTION AND
FOR FAILURE TO STATE A CLAIM**

Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(6) and 12(f), Defendant Kevin Jonna submits the following Motion to Dismiss Plaintiffs' First Amended Complaint and Brief in Support. Defendant Kevin Jonna appears solely for the limited purpose of challenging this Court's personal jurisdiction over him (and without waiver or prejudice, includes an alternative motion under Fed. R. Civ. P 12(b)(6) and 12(f) in light of Fed. R. Civ. P. 12(g) and (h).[1]

_____

[1] The undersigned sought concurrence before filing this Motion pursuant to LR 7.1(a) but concurrence was denied.

## **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) / 12(f)**

This matter involves payments made to Defendant GIBF GP, Inc. d/b/a Bitcoin Latinum ("Latinum") by the three individual Plaintiffs, and by Defendant Kevin Jonna himself personally, to acquire cryptocurrency from Latinum. Kevin Jonna did not receive or take Plaintiffs' money. Plaintiffs admit this. (*See, e.g.* ECF No. 11 ¶43, 46, 51, 55, and 69). Like the Plaintiffs, Kevin Jonna gave Latinum his own money and still awaits the receipt of his cryptocurrency from Latinum.

Two of the Plaintiffs are Kevin Jonna's cousins and the third is one of their business associates. Plaintiffs purport to allege securities fraud against Latinum, and against Kevin Jonna individually. Kevin Jonna denies the Plaintiffs' allegations of wrongdoing against him. In reality, Plaintiffs eagerly wanted to be part of the Latinum cryptocurrency opportunity, which they discussed with their cousin.

First, Defendant Kevin Jonna requests dismissal under Fed. R. Civ. P. 12(b)(2), because this Court lacks personal jurisdiction over him. Kevin Jonna is a California resident and has not availed himself of Michigan in any way that could subject him to personal jurisdiction in this Court.

Second, Defendant Kevin Jonna alternatively requests that this Court dismiss or strike Plaintiffs' sixteen count amended complaint under Fed. R. Civ. P. 12(b)(6) and / or 12(f) because it fails to state a plausible claim against him personally and fails to comport with the applicable pleading requirements.

## **Brief in Support**

## **Concise Statement of Issues Presented**

1.     Should this Court dismiss Plaintiff's First Amended Complaint as against Defendant Kevin Jonna pursuant to Fed. R. Civ. P. 12(b)(2) when Plaintiffs' First Amended Complaint alleges personal jurisdiction based on an inapplicable statute, and in any event, this Court lacks personal jurisdiction over Defendant Kevin Jonna, an individual California resident?

2.     Alternatively, should this Court dismiss and / or strike Plaintiff's First Amended Complaint as against Kevin Jonna pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f), when Plaintiffs' amended pleading fails to state a plausible claim against him personally, and also fails to comport with the applicable pleading requirements?

## **Most Controlling Authorities**

Lack of Personal Jurisdiction:

Fed. R. Civ. P. 12(b)(2)

M.C.L. § 600.705

*Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 151 (6th Cir. 1997)


Failure to State a Plausible Claim:

Fed. R. Civ. P. 12 (b)(6)

Fed. R. Civ. P. 12(f)

## I.    This Court Lacks Personal Jurisdiction Over Kevin Jonna

Plaintiffs' claims against Kevin Jonna should be dismissed because this Court does not have personal jurisdiction over Kevin Jonna. (Exhibit A, Declaration of Kevin Jonna). Indeed, Plaintiffs do not even cite to a statute in their First Amended Complaint to establish personal jurisdiction over an individual defendant. (*See* ECF No. 11, Page ID 232 at ₽ 10). Instead, Plaintiffs mistakenly allege personal jurisdiction based on Michigan's long arm statute, M.C.L. § 600.715, which expressly applies only to corporations. Kevin Jonna is not a corporation.

If Plaintiffs attempted to cure their defective pleading (for a second time), this Court cannot exercise personal jurisdiction over Kevin Jonna. As admitted by Plaintiffs, Kevin Jonna is a resident of California. (ECF No. 11, PageID 231 at ₽ 5). Despite acknowledging that fact, Plaintiffs offer nothing more than cursory legal conclusions suggesting that this Court has personal jurisdiction over Kevin Jonna due to text messages being received in Michigan, while citing an inapplicable statute.

Plaintiffs allege that Kevin Jonna and Latinum induced Plaintiffs to make payments to Latinum to acquire cryptocurrency because Kevin Jonna had spoken so highly of the Latinum cryptocurrency in a series of text messages. (*See* ECF No. 11 at ₽₽ 35, 37-45). Plaintiffs allege they made payments to Latinum to acquire cryptocurrency, in part, as a result of text messages received from Kevin Jonna. (ECF No. 11 at ₽₽ 46, 50 and 67).

Kevin Jonna made payments to Latinum himself and has also not received any monies or cryptocurrency from Latinum. Plaintiffs allege that Kevin Jonna "induced" Plaintiffs as a result of text messages touting his anticipated belief that acquiring cryptocurrency from Latinum would prove to be profitable.

Plaintiffs' claims fail because this Court does not have personal jurisdiction over Kevin Jonna. He is a California resident who, at most, sent text messages to Plaintiffs. He never received money from Plaintiffs or Latinum. He also never received any cryptocurrency from Latinum for Plaintiffs or himself.

In the context of a Rule 12(b)(2) motion, a plaintiff bears the burden of establishing the existence of jurisdiction. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007). According to well-established precedent, communications to a forum state, by themselves, are insufficient to establish personal jurisdiction over a resident of a foreign state. *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 151 (6th Cir. 1997).

Personal jurisdiction over an out-of-state defendant arises from "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (*citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). Depending on the type of minimum contacts in a case, personal jurisdiction can either be general or specific. *Safetech Int'l, Inc.*, 503 F.3d at 549-50.

In analyzing personal jurisdiction in diversity actions such as this, federal courts must look to the law of the forum state to determine the reach of the district court's personal jurisdiction over parties, subject to constitutional due process requirements. *Id*. This court, therefore, must engage in a two-step process: (1) first, the Court must determine whether any of Michigan's relevant long-arm statutes authorize the exercise of jurisdiction over Defendants; and, if so, (2) the Court must determine whether exercise of that jurisdiction comports with constitutional due process. *Id*.

**A. <u>Michigan's long arm statutes do not apply to Kevin Jonna.</u>**

**1. <u>This Court cannot have personal jurisdiction over Kevin Jonna pursuant to M.C.L. § 600.715.</u>**

Plaintiffs rely exclusively on M.C.L. § 600.715 to argue that this Court may exercise personal jurisdiction over Kevin Jonna, an individual. (ECF No. 11, PageID 232 at ⁋ 10). However, M.C.L. § 600.715 only applies to corporations:

**600.715 Corporations; limited personal jurisdiction.**

The existence of any of the following relationships between a corporation or its agent and the state **shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation** and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:

(1) The transaction of any business within the state.

7

>(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
>(3) The ownership, use, or possession of any real or tangible personal property situated within the state.
>(4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
>(5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

M.C.L. § 600.715 (second emphasis added).

While the actions of an agent can provide a basis for personal jurisdiction over the corporation, M.C.L. § 600.715 does not give this Court personal jurisdiction over the individual agent themselves. Indeed, the title of the statute itself states that it applies to corporations. Accordingly, even if there was broader language in the body of the statute arguably granting personal jurisdiction over the agent (there is not), the narrower title controls. *Bankhead v. Mayor of River Rouge*, 35 Mich. App. 7, 15, 192 N.W.2d 289, 291 (1971) ("where, as here, the body of the act is broader in scope than the limitations of the title of the act, the title shall prevail over the conflicting portion of the body of the act."). According to the express language of M.C.L. § 600.715 and its title, M.C.L. § 600.715 cannot confer personal jurisdiction over Kevin Jonna in this Court and Plaintiffs' First Amended Complaint should be dismissed as to Kevin Jonna.

**2. This Court does not have personal jurisdiction over Kevin Jonna pursuant to M.C.L. § 600.705.**

It is anticipated that Plaintiffs will ask this Court to amend its First Amended Complaint (again) to allege that this Court has personal jurisdiction over Kevin Jonna pursuant to M.C.L. § 600.705. However, such an argument should not be considered and leave to amend should be denied because it would be futile.

M.C.L. § 600.705 is the relevant Michigan long-arm statute for an individual. It is generally well-accepted that the state's jurisdiction extends to the limits imposed by federal constitutional due process requirements and thus, the two questions become one. *Wizie.com, LLC v. Borukhin*, No. 2:14-cv-10391, 2014 U.S. Dist. LEXIS 82430, at *5 (E.D. Mich. June 17, 2014). Accordingly, the relevant long-arm statute is discussed here.

**3. Even if Michigan's long arm statute for individuals applied, Kevin Jonna's due process rights would be violated if this Court were to exercise personal jurisdiction over him.**

The U.S. Supreme Court has long held that a defendant such as Kevin Jonna cannot be sued in a court within a foreign state, unless Kevin Jonna "purposefully availed itself of the privilege of conducting activities within the foreign state, thus invoking the benefits and protections of its laws." *Burger King v. Rudzewicz*, 471 U.S. 462, 474-75, 105 S. Ct. 2174 (1985).

To determine whether or not due process requirements for specific jurisdiction are met, the Sixth Circuit has established a three part test. *See Southern Machine Co.*

9

*v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968); *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549-50 (6th Cir. 2016). First, the defendant must purposefully avail itself of the privilege of acting in the forum state or causing a consequence in the forum state. *Id*. Second, the cause of action must arise from the defendant's activities there. *Id*. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id*. All three prongs of this test must be satisfied in order for jurisdiction to exist. *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 506 (6th Cir. 2014).

Even assuming Plaintiffs' unsupported and underdeveloped factual allegations as true, Plaintiffs' First Amended Complaint fails to establish personal jurisdiction over Kevin Jonna without offending constitutional due process.

**a. <u>Kevin Jonna did not purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.</u>**

"This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1980). "In the Sixth Circuit, the emphasis in the purposeful availment inquiry is whether the defendant has engaged in some overt actions connecting the defendant with the

forum state." *Fortis Corporate Ins. v. Viken Ship Mgmt.*, 450 F.3d 214, 218 (6th Cir. 2006) (citations and quotation marks omitted).

Here, Plaintiffs' sole allegations regarding any sort of purposeful availment by Kevin Jonna are limited to text messages about cryptocurrency Plaintiffs claim to have received in Michigan. However, it has long been held that limited communications, by themselves, do not amount to purposeful availment.

In *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 151 (6th Cir. 1997), the Sixth Circuit held that "[i]t is immaterial that Paragon placed telephone calls and sent faxes to Kerry Steel in Michigan." Indeed, "the telephone calls and letters on which the plaintiff's claim of jurisdiction primarily depends strike us as precisely the sort of 'random,' 'fortuitous' and 'attenuated' contacts that the *Burger King* Court rejected as a basis for haling non-resident defendants into foreign jurisdictions." *Id.* (citing *LAK, Inc. v. Deer Creek Enter.*, 885 F.2d 1293, 1301 (6th Cir. 1989), *cert. denied*, 494 U.S. 1056, 108 L. Ed. 2d 764, 110 S. Ct. 1525 (1990). The Court in *Kerry Steel* also cited to the Eighth Circuit in *Scullin Steel Co. v. National Ry. Utilization Corp.*, 676 F.2d 309, 314 (8th Cir. 1982) which held that "[t]he use of interstate facilities (telephone, the mail), the making of payments in the forum state, and the provision for delivery within the forum state are secondary or ancillary factors and cannot alone provide the 'minimum contacts' required by due process[.]" *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 151 (6th Cir. 1997).

Here, Plaintiffs allege that Kevin Jonna induced them into purchasing cryptocurrency from Latinum by sending text messages that spoke favorably about the Latinum cryptocurrency opportunity. According to Sixth Circuit precedent, those text messages do not sufficiently establish that Kevin Jonna purposefully availed himself to be haled into Court in Michigan. *See also Visalus Inc. v. Bohn*, No. 13-10366, 2013 U.S. Dist. LEXIS 58511, at *12 (E.D. Mich. Apr. 24, 2013) (holding that "the Court need not decide whether Bohn's agreement to distribute, coupled with the twenty-four phone calls to individuals located in Michigan, constitutes a 'transaction of any business within the state' of Michigan; even if these contacts satisfied Michigan's long-arm statute, asserting jurisdiction over a person based on these contacts would offend constitutional due process requirements.") As such, Kevin Jonna did not purposely avail himself to the jurisdiction of this Court and the claims against him should be dismissed.

### b. <u>Plaintiffs' causes of action do not arise from Kevin Jonna's actions in Michigan.</u>

Plaintiffs have not established that Kevin Jonna purposefully availed himself but even if they could, their defectively alleged and implausible claims against him do not arise out of Kevin Jonna's purported actions in Michigan. No action alleged in Plaintiffs' First Amended Complaint took place in Michigan. The basis of Plaintiffs' First Amended Complaint is that they have not received anything from Latinum. "[T]he mere fact that the transaction involved a Michigan party is

obviously not sufficient." *Kerry Steel*, 106 F.3d at 152. Plaintiffs do not allege that Kevin Jonna received any money from them. Instead, Plaintiffs sent money to Wisconsin (ECF No. 11, ¶ 43) and New York (ECF No. 11, ¶¶ 55, 69). Moreover, it is not alleged that Kevin Jonna was even within the State of Michigan at any time.

The second prong of the *Southern Machine* test is that the plaintiff's cause of action must "arise from" the defendant's contacts with the forum state. *Air Prods.*, 503 F.3d at 553. In other words, the action must be "made possible by" or "lie in the wake of" the defendant's contacts, or whether the causes of action are "related to" or "connected with" the defendant's contacts with the forum state. *Id.* (citations omitted). "[M]ore than mere but-for causation is required to support a finding of personal jurisdiction." *Beydoun*, 768 F.3d at 507-08 (6th Cir. 2014). Only consequences that "proximately result from a party's contacts with the forum state" give rise to jurisdiction. *Id.* (*citing Burger King Corp.*, 471 U.S. at 474).

It is the alleged withholding of cryptocurrency by Latinum outside of Michigan that gives rise to this action, not the payment of money or provision of services by Kevin Jonna in Michigan. This point is illustrated by *Communs. Network Billing v. ILD Telcomms., Inc.*, 2017 U.S. Dist. LEXIS 130408 (E.D. Mich. Aug. 16, 2017). There, the plaintiff hired the defendant for billing and collection work related to the plaintiff's long distance services. The nonresident defendant made weekly payments to the plaintiff's Michigan-based accounts over the course of 13 years.

The court observed, however, that though payments were made to Michigan, the action arose out of those payments allegedly wrongfully withheld in Florida where the nonresident defendant's account was located.

Here, no at-issue payments were made to anyone in Michigan. Thus, the payments and lack of payments in *Communs* did not "arise out of" the defendant's contacts with the forum state, and neither do the alleged payments and alleged lack of payments here.

### c. Kevin Jonna's alleged acts or the consequences allegedly caused by Kevin Jonna do not have a substantial enough connection with Michigan to make the exercise of jurisdiction over Kevin Jonna reasonable.

Because Kevin Jonna did not purposefully avail himself of Michigan, there is no need to reach the third factor of reasonableness. *See Air Prods.*, 503 F.3d 544, 550 ("It is often repeated that this first prong—purposeful availment—is the '*sine qua non* for *in personam jurisdiction*."). As such, Plaintiffs' claims against Kevin Jonna should be dismissed under Fed. R. Civ P. 12(b)(2).

## II. Plaintiffs Fail to State a Conforming and Plausible Claim Against Kevin Jonna, Personally and Individually

Plaintiffs' First Amended Complaint (ECF No. 11 – the "FAC") purports to allege sixteen counts against two separate Defendants. Throughout the FAC, however, Plaintiffs use the word "Defendants" to collectively refer to the two Defendants, without distinguishing which allegations are directed at Latinum and

14

which allegations are directed at Kevin Jonna. Each count purports to incorporate all preceding facts (103 different paragraphs, spanning 30 pages), and no well-pled facts are identified in any of the counts. *Id*.

### A.   <u>Plaintiffs' "Group Pleading" Fails to State a Conforming Claim</u>

The legal conclusions in each count, directed collectively at two different Defendants and simply lumped together, fail to state a claim.

> "Liability is personal." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). When a complaint names more than one defendant, "[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful." *Id*. "Details about who did what are not merely nice-to-have features of an otherwise-valid complaint; to pass muster under Rule 8 of the Federal Rules of Civil Procedure, a claim to relief must include such particulars."

*Vaughan v. Biomat USA, Inc.*, 2022 U.S. Dist. LEXIS 76903, *6 (N.D. Ill. 2022).

> In *Bank of America, N.A. v. Knight*, 725 F.3d 815, 2013 U.S. App. LEXIS 16474, 2013 WL 4016522 (7th Cir. Aug. 8, 2013) (Easterbrook, J.), the plaintiff bank alleged that the defendants committed fraud and drained money from a failing firm. The district judge dismissed the action for failure to state a claim because the complaint addressed each defendant at once. The court of appeals, affirming, explained that a complaint must allege who did what:
>
> > According to the Bank, its claims do not depend on proof of fraud, so [the heightened pleading standard of] Rule 9(b) is irrelevant. We need not decide, because the problem the district court identified spoils the complaint as a matter of normal pleading standards. *Iqbal* and *Twombly* hold that a complaint must be dismissed unless it contains a plausible claim. A contention that "the defendants looted the corporation"—without any details about who did what—is inadequate. Liability is

15

> personal. An allegation that someone looted a corporation does not propound a plausible contention that a particular person did anything wrong. The Rules of Civil Procedure set up a system of notice pleading. Each defendant is entitled to know what he or she did that is asserted to be wrongful.
>
> *Knight*, F.3d 815, 2013 U.S. App. LEXIS 16474, 2013 WL 4016522. Like the complaint in Knight, the complaint in this action, when it fails "to imput[e] concrete acts to specific litigants," *id.*, fails to state a plausible claim. … It is not the defendant's task to guess at which, if any, of an enormous complaint's allegations address her; it is not for her, either by herself or in concert with other defendants, to piece disordered allegations into a functioning case; she need not do the work. It is the plaintiff who must show that he is not guessing when he names a defendant, that he has designed his action, that he has not been careless about suing people. Plaintiffs appear to name all possible defendants in the hope that some, after being wrung through discovery, will look like the right defendants. This a plaintiff may not do.

*Zola H. v. Snyder*, 2013 U.S. Dist. LEXIS 125199, *24-27, 2013 WL 4718343 (E.D. Mich. 2013), *see also, Robbins v. Okla. ex ret Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008) (Use of either the collective term "Defendants" or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, is insufficient to provide fair notice under notice pleading rules); and *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (granting a motion to dismiss for failure to provide fair notice under Rule 8 in part because "[t]he complaint failed to differentiate among the defendants, alleging instead violations by 'the defendants.'").

Moreover, the well-pled facts must be sufficient to "raise a right to relief above the speculative level," such that the asserted claim is "plausible on its face." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 546-47. Under the *Iqbal/Twombly* plausibility standard, courts play an important gatekeeper role, ensuring that claims meet a threshold level of factual plausibility before defendants are subjected to the potential rigors (and costs) of the discovery process. "Discovery, after all, is not designed as a method by which a plaintiff discovers whether he has a claim, but rather a process for discovering evidence to substantiate plausibly-stated claims." *Green v. Mason*, 504 F. Supp. 3d 813, 827 (S.D. Ohio 2020).

The plausibility requirement has additional teeth as to claims, such as those here, that assert fraud. That is because, under Federal Rule of Civil Procedure 9(b), a party alleging fraud must "state with particularity the circumstances constituting fraud," but "conditions of a person's mind may be alleged generally." That means that "a plaintiff, at a minimum, must 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.* ("*Bledsoe I*"), 342 F.3d 634, 643 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)). Stated another way, a plaintiff must identify the "'who, what, when, where, and how' of the alleged fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

Because this case involves multiple defendants, another aspect of Federal Rule of Civil Procedure 9(b) also come into play. Specifically, the particularity requirement prohibits plaintiffs from relying on "group pleading." That is, "[a] complaint may not rely upon blanket references to acts or omissions by all of the defendants." *See, e.g., Bledsoe I*, 342 F.3d at 643. Rather, under Rule 9(b), "each defendant named in the complaint is entitled to be apprised of the circumstances surrounding the fraudulent conduct with which he individually stands charged." *Id; see also United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.* ("*Bledsoe II*"), 501 F.3d 493, 510 (6th Cir. 2007) ("[I]mproperly pled allegations of fraud do not become adequate merely by placing them in the same complaint with allegations that are

> sufficient .... Allowing such a complaint to go forward *in toto* would not provide defendants with the protections that Rule 9(b) was intended to afford them ...."). Or phrased slightly differently, "[t]he prohibition on group pleading under Rule 9(b) prevents a plaintiff from simply lumping multiple defendants together without explaining each defendant's culpable role." *Sugarlips Bakery, LLC v. A&G Franchising, LLC*, No. 3:20-cv-00830, 2022 U.S. Dist. LEXIS 12196, 2022 WL 210135, at *10 (M.D. Tenn. Jan. 24, 2022).

*United States ex rel. Kramer v. Doyle*, 2022 U.S. Dist. LEXIS 72919, *13-16 (S.D. Ohio 2022).

Because Plaintiffs' FAC groups Latinum and Kevin Jonna together as one in the same and fails to identify which allegations are directed at which Defendants, the FAC should be dismissed because it fails to state a plausible, conforming claim.

### B. Plaintiffs Allege No Plausible Facts Attributable to Latinum, the Alleged Principal, that Might Establish Apparent Agent Authority.

Plaintiffs' contend (incorrectly) that Kevin Jonna's alleged actions made him an agent of Latinum under the doctrine of apparent authority. Plaintiffs' FAC, however, contains no well-pled allegations of fact that might establish agency:

> Once again, the law does not favor the plaintiffs' position. In *Kraftco*, the court explained: "Apparent authority cannot be established merely by showing that the agent claimed authority or purported to exercise it, but must be established by proof of something said or done by the principal on which a third person reasonably relied. The burden of proving apparent authority rests on the party asserting that the act was authorized. . . . **Apparent authority can, therefore, be created only by the principal's manifestations to a third party.** . . . The agent's representations of authority to a third person, standing alone, are insufficient to create apparent authority in the agent to act for the principal. *Kraftco*, 799 F.2d at 1113 (*quoting Moreau v. James River-Otis, Inc.*, 767 F.2d 6, 9-10 (1st Cir. 1985) (footnotes omitted)).

18

> The court elaborated on that rule in *Anderson v. International Union, United Plant Guard Workers of America*, 150 F.3d 590 (6th Cir. 1998), reiterating that **"[u]nder the federal common law of agency, apparent authority arises in those situations where <u>the principal causes persons with whom the agent deals reasonably to believe that the agent has authority."</u>** Id. at 593 (citing Taylor v. Peoples Natural Gas Co., 49 F.3d 982 (3d Cir. 1995)). The court then articulated the following test: It is well-settled that apparent authority (1) results from a manifestation by a person that another is his agent, regardless of whether an actual agency relationship has been formed and (2) exists only to the extent that it is reasonable for the third person dealing with the agent to believe that the agent is authorized. *Ibid.* (*citing* Restatement (Second) of Agency §§ 8, 27 & cmts.).

*Trs. of Plasters Local 67 Pension Trust Fund v. Martin McMahon Plastering*, *Inc.*, 844 F. Supp. 2d 843, 851-852, (E.D. Mich. 2012) (emphasis added). Plaintiffs' FAC contains no well-pled allegations that might plausibly suggest that Kevin Jonna was an agent of Latinum. To the extent that Plaintiffs attempt to suggest that the claims alleged against Kevin Jonna are based on agency theories, they fail.

**C.**     <u>**Plaintiffs' Statutory and Common Law Fraud Claims Fail to State a Conforming and Plausible Claim Against Kevin Jonna.**</u>

In the FAC, Plaintiffs purport to allege various claims sounding in fraud, under securities statutes or common law. First of all, Kevin Jonna's purported statements are nothing more than mere puffery and thus are not actionable. *Gen. Ret. Sys. v. UBS, AG*, 799 F. Supp. 2d 749, 768 (E.D. Mich. 2011) ("Allegations regarding an investment's likely performance are quintessential 'statements of prediction or expectation', and such allegations will not support a claim for fraud

19

or misrepresentation.") Statements concerning an investment's likelihood of

closing, expected performance, or "conservative" nature are not actionable in fraud

because they are statements of mere opinion or puffery. *Id*. Second, the FAC fails

to contain well-pled conforming facts to state a claim for securities fraud:

> Plaintiffs' Section 10(b) and Rule 10b-5 claims are subject to the particularity pleading requirements of Rule 9(b), which, in the context of an Exchange Act claim, require a plaintiff to specify the fraudulent statements, identify the speaker, state where and when the statements were made, and explain why the statements were fraudulent. *Frank v. Dana Corp*., 547 F.3d 564, 569-70 (6th Cir. 2008) (citation omitted). Plaintiffs must also allege the time, place, and contents of the misrepresentation. *Id*. at 570. Further, the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires that in a private claim of securities fraud under the Exchange Act, a plaintiff must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if any allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). A plaintiff must also "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). In other words, the PSLRA requires plaintiffs "to state with particularity both the facts constituting the alleged violation, and the facts evidencing scienter, *i.e.*, the defendant's intention 'to deceive, manipulate or defraud.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 313, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007) (*quoting Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 194, 96 S. Ct. 1375, 47 L. Ed. 2d 668 (1976)).

*In re EveryWare Global, Inc. Secs. Litig*., 175 F. Supp. 3d 837, 850-851 (S.D. Ohio

2016).

> Because securities-fraud claims under § 10b and § 20(a) are cloaked with the specter of fraud, Federal Rule of Civil Procedure 9(b) applies to them. *See Morse v. McWhorter*, 290 F.3d 795, 798 (6th Cir. 2002) (recognizing that § 10b and Rule 10b-5 "prohibit[] fraudulent, material

20

misstatements or omissions in connection with the sale or purchase of a security"); *see also Bondali v. YumA Brands, Inc.*, 620 F. App'x 483, 488 (6th Cir. 2015) ("Because Section 10(b) and 20(a) claims sound in fraud, this court must also impose the pleading requirements of Federal Rule of Civil Procedure 9(b) and determine whether the complaint alleges fraud with particularity."); *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) ("Securities fraud claims arising under Section 10(b), as with any fraud claim, must satisfy the particularity pleading requirements of Rule 9(b)." (citation omitted)).

Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," though "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." To satisfy Rule 9(b), a pleading, at a minimum, must contain allegations of "the time, place and content of the misrepresentations; the defendant's fraudulent intent; the fraudulent scheme; and the injury resulting from the fraud." *Power & Tel. Supply Co. v. SunTrust Banks, Inc.*, 447 F.3d 923, 931 (6th Cir. 2006) (citations omitted); *see Frank*, 547 F.3d at 570 ("[A]t a minimum, [the] [p]laintiffs must allege the time, place and contents of the misrepresentations upon which they relied." (citation omitted)); *see also Bondali*, 620 F. App'x at 488-89 ("Fraud is alleged with particularity by identifying the statements or omissions alleged to be false or misleading and detailing the 'who, what, when, where, and how' of the alleged fraud." (*quoting Sanderson v. HCA—The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006))).

Although Rule 9(b) allows a party to plead intent and knowledge in general terms, conclusory assertions as to these states of mind will not suffice "without reference to [a] factual context." *Iqbal*, 556 U.S. at 686. In other words, the pleading requirements under Rule 8(a)(2) are "still operative" and apply to allegations of intent and knowledge. Id. (citation omitted); *see also Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 680 (6th Cir. 1988) ("Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony." (citation omitted)). A party therefore may not simply plead "the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Iqbal*, 556 U.S. at 686.

> In addition to hurdling Rule 9(b)'s heightened pleading standard, allegations of false or misleading statements or omissions in a securities-fraud complaint must satisfy the "more '[e]xacting pleading requirements'" of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. 104-67, 109 Stat. 737. *Frank*, 547 F.3d at 570 (*quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007)). Under the PSLRA, a plaintiff must (1) "specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading" and (2) "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A). In short, "[t]he PSLRA requires plaintiffs to state with particularity both the facts constituting the alleged violation, and the facts evidencing scienter, i.e., the defendant's intention 'to deceive, manipulate, or defraud.'" *Tellabs*, 551 U.S. at 313 (quotation omitted).

*In re Cbl & Assocs.*, 2022 U.S. Dist. LEXIS 82740, *13-15 (E.D. Tenn. 2022).

Again, the allegations in the FAC do not identify what contentions are directed at which Defendant (by lumping "Defendants" together in each count). Under the requirements summarized above, the FAC does not state a plausible claim against Kevin Jonna personally under any of the fraud theories described in the FAC. (*See* ECF No. 11 at Counts 3, 4, 5, 6, 7, and 8).

## D.   **Plaintiffs' Breach of Contract Count Against Kevin Jonna Fails.**

Count 9 purports to allege "Breach of Contract – Against All Defendants." (ECF No. 11 at Count 9). The FAC alleges that: "Defendant KJ, **_as an agent and representative of Latinum_**, entered into valid, enforceable contracts between Defendants and each of the Plaintiffs." (*Id*. PageID 269 ¶ 170). "It is axiomatic that 'only parties to contracts are liable for their breach.'" *Knight Capital Partners Corp.*

*v. Henkel AG & Co.*, 930 F.3d 775, 779 (6th Cir.). Plaintiffs allege a contract with Latinum, made between Plaintiffs and Latinum's agent. Count 9 states no plausible breach of contract claim against Kevin Jonna, individually.

E. **Plaintiffs' Unjust Enrichment Claims Against Kevin Jonna Fails.**

"To sustain an unjust enrichment claim, a plaintiff must demonstrate (1) the defendant's receipt of a benefit from the plaintiff and (2) an inequity to plaintiff as a result." *AFT Michigan v. State*, 303 Mich. App. 651, 661 (2014). Plaintiff made payments to Defendant Latinum for cryptocurrency they have yet to receive – Plaintiffs do not allege to have given anything directly to Kevin Jonna. (*See, e.g.* ECF No. 11 ¶43, 46, 51, 55, and 69). There are no well-pled facts to suggest that the Plaintiffs enriched Defendant Kevin Jonna at all, let alone unjustly.

F. **Plaintiffs' Conversion Claim Against Kevin Jonna Fails.**

Conversion is "any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Aroma Wines & Equip., Inc. v. Columbian Distrib. Servs., Inc.*, 497 Mich. 337, 346 (2015). Here again, Plaintiffs acknowledge and admit that they made payments to Latinum, not to Kevin Jonna. (*See, e.g.* ECF No. 11 ¶43, 46, 51, 55, and 69). The FAC fails to state a plausible claim for conversion against Kevin Jonna.

### III.    Conclusion and Relief Requested

The Plaintiffs' FAC, as against Kevin Jonna should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2), because this Court cannot exercise personal jurisdiction over him personally in this case.

Alternatively, Counts 1 through 15 (purportedly "Against All Defendants") should be dismissed as against Kevin Jonna under Fed. R. Civ. P. 12(b)(6) and/or 12(f) because they fail to state a plausible and conforming claim against him personally.

Respectfully submitted by,

DINSMORE & SHOHL LLP

/s/ Thomas H. Walters
Thomas H. Walters (P51413)
Brian K. Mitzel (P81706)
Attorneys for Defendant Kevin Jonna
900 Wilshire Dr., Suite 300
Troy, Michigan 48084
Telephone: (248) 647-6000
Facsimile: (248) 647-5210
Dated: May 20, 2022                         tom.walters@dinsmore.com