# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### (SOUTHERN DIVISION)

RAYMOND JONNA, SIMON
JONNA, and FARID JAMARDOV,

        Plaintiffs,

v.

KEVIN JONNA, and GIBF GP,
INC. d/b/a BITCOIN LATINUM,

        Defendants.

CASE NO.: 2:22-CV-10208

HON. Laurie J. Michelson
MAG. Jonathan J.C. Grey

---

## ANSWER TO SECOND AMENDED COMPLAINT AND JURY DEMAND

Defendant, GIBF GP, Inc. d/b/a Bitcoin Latinum ("Defendant"), through

counsel files its Answer and Affirmative Defenses to Plaintiffs' Second Amended

Complaint as follows:

### NATURE OF THE SUIT

1.     The allegations in this paragraph comprise conclusions of law to

which no response is required. To the extent a response is required, the allegations

are denied.

### THE PARTIES

1

2.      Neither admitted nor denied. Defendant is without sufficient information to ascertain the truth of the matter asserted.

3.      Neither admitted nor denied. Defendant is without sufficient information to ascertain the truth of the matter asserted.

4.      Neither admitted nor denied. Defendant is without sufficient information to ascertain the truth of the matter asserted.

5.      Neither admitted nor denied. Defendant is without sufficient information to ascertain the truth of the matter asserted.

6.      Admitted.

## **JURISDICTION AND VENUE**

7.      The allegations in this paragraph compromise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. By way of further answer, the Defendant specifically denied that the Plaintiffs have been damaged by any conduct of the Defendant and the Defendant denies that it offered or sold any securities to the Plaintiff in violation of any State or Federal law. At all times the Defendants complied with all Federal and State laws concerning the offering and sale of securities.

8.      Admitted.

9.      Admitted in part and denied in part. It is admitted that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2),

however it is specifically denied that the Defendant engaged in any fraud or violated any State or Federal Law in the offering and sale of securities.

10.     The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

11.     The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## GENERAL ALLEGATIONS

12.     Admitted in part and denied in part. It is admitted that Defendant makes certain representations regarding its Token's and cryptocurrency, however Plaintiffs' characterization of Defendant's representations are denied.

13.     Denied as stated.

14.     Denied as stated.  It is admitted that a person could pre-purchase tokens at a set price through the website so long as the person was qualified to do so and was accepted by Bitcoin Latinum.  None of the Plaintiffs in this matter purchased any tokens from Bitcoin Latinum through its website.

15.     Denied as stated. There were no "public offerings" as alleged by Plaintiffs. It is admitted that a person could pre-purchase tokens at a set price through the website so long as the person was qualified to do so and was accepted

3

by Bitcoin Latinum.  None of the Plaintiffs in this matter purchased any tokens from Bitcoin Latinum through its website.

16.    Denied as stated. It is admitted that a person could pre-purchase tokens at a set price through the website so long as the person was qualified to do so and was accepted by Bitcoin Latinum.  None of the Plaintiffs in this matter purchased any tokens from Bitcoin Latinum through its website. Plaintiffs' characterizations of the transactions are denied.

17.    Denied as stated.  It is admitted that certain pre-purchased tokens were not yet released by the Defendant (as is provided in the Simple Agreement for Future Tokens ("SAFT") however it is denied that no tokens had been released whatsoever.

18.    Admitted that Bitcoin Latinum had the sole discretion to determine when it would release tokens to those that had signed SAFTs.

19.    Denied.  It is denied that Bitcoin Latinum had announced any firm date to release the tokens to those that had signed SAFTs.

20.    Denied.  It is denied that Bitcoin Latinum had announced any firm date to release the tokens to those that had signed SAFTs.

21.    Denied. Bitcoin Latinum has the sole discretion under the SAFTs to determine when to release tokens to those that had signed SAFTs.

22.     Denied. Certain tokens have been released to institutional purchasers of the Tokens.

23.     Admitted in part and denied in part.  It is admitted that the tokens are available on certain exchanges.  The remainder of the allegations are denied.

24.     Denied.

25.     Denied as stated.  The SAFT does not say the tokens were securities, it says the SAFT is a security. The remainder of the allegations concern a written document that speaks for itself.

26.     Denied as stated.

27.     Denied.  It is specifically denied that any statements or press releases were materially false or misleading.

28.     The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

29.     The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

30.     The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

31.     Denied.  Plaintiffs did not engage in any transactions with Bitcoin Latinum.  They admittedly engaged in a transaction with Defendant, Kevin Jonna, their cousin, who sold them a portion of his pre-purchased tokens.

32.     The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. It is specifically denied that Defendant is a "common enterprise."

33.     Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

34.     The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

35.     Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

36.     Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

37.     It is specifically denied that Defendant provided any information to or enticed Plaintiffs to invest in Tokens. Defendant further denies the allegations

concerning its website as those allegations are paraphrased, inaccurate, inconsistent, and/or incomplete.

38.     The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

39.     The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. It is specifically denied that the SEC views most cryptocurrencies as securities and it is denied that Defendant "projects all such hallmarks of a security."

40.     Denied. It is specifically denied that Plaintiffs reasonably expected to rely on the efforts of Defendant and that those efforts were "undeniably significant."

41.     The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

42.     The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

43.     Denied. It is specifically denied that the Defendant has violated any State or Federal securities law.

44.     The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

45.     Admitted in part and denied in part.  It is admitted that the tokens were not registered with the SEC. However it is denied that the tokens had to be registered.  The Plaintiffs are deliberately misreading the SAFT which unequivocally states that the tokens are not securities.  The remaining allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

46.     Denied.  The Plaintiffs are deliberately misreading the SAFT which unequivocally states that the tokens are not securities.  The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

47.     Denied. The allegations refer to a written document, which speaks for itself.

48.     The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

49.     The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

50.     The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

51.     It is specifically denied that Defendant, Kevin Jonna ("Jonna") was acting as a promotor or solicitor for the Defendant and it is specifically denied that Jonna was involved in the offer and sale of the Tokens.

52.     The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. By way of further answer, it is specifically denied that Jonna was acting as a promotor or solicitor for the Defendant and it is specifically denied that Jonna was involved in the offer and sale of the Tokens.

53.     Admitted.

54.     The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

55.    The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

56.    Denied. It is specifically denied that the Defendant has violated any State or Federal securities law.

57.    Denied as stated.  It is admitted that certain qualified investors who were accepted by Bitcoin Latinum and otherwise met the investor requirements were able to pre-purchase tokens at a set price.

58.    Denied as stated.  It is admitted that certain qualified investors who were accepted by Bitcoin Latinum and otherwise met the investor requirements were able to pre-purchase tokens at a set price.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied. It is specifically denied that Bitcoin Latinum deployed "sales agents" to collect funds from the general public.

63.    Denied as stated.  It is admitted that Bitcoin Latinum employed certain spokespeople, however the remainder of the allegations are denied.

64.    Denied as stated.  It is admitted that Mr. Cantu was a contact with Bitcoin Latinum, however the remainder of the allegations are denied.

65.   Denied as stated.

66.   Denied.

67.   Denied.

68.   Denied.

69.   Denied.

70.   Admitted in part and denied in part.  It is admitted that Otto executed, delivered, and is bound by an SAFT.  The remainder of the allegations are denied.

71.   Defendant is without sufficient information to ascertain the truth of the matters asserted. If a response is required, the allegations are denied.

72.   Defendant is without sufficient information to ascertain the truth of the matters asserted. If a response is required, the allegations are denied.

73.   Defendant is without sufficient information to ascertain the truth of the matters asserted. If a response is required, the allegations are denied.

74.   Defendant is without sufficient information to ascertain the truth of the matters asserted. If a response is required, the allegations are denied.

75.   Defendant is without sufficient information to ascertain the truth of the matters asserted. If a response is required, the allegations are denied.

76.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

77.     The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

78.     The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

79.     The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

80.     The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

81.     The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

82.     The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

83.     The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

84.     Denied. It is specifically denied that Jason Otto was "selling securities in the form of Tokens for Defendant Latinum and receiving commissions from Defendant Latinum in connection with such sales."

85.     The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

86.     The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

87.     The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

88.     The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

89.     The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

90.     The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

91.     The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

92.     The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

93.     The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

94.     The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

95.     The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

96.     Denied.  At no time was Kevin Jonna ever an agent of Bitcoin Latinum

97.     Admitted in part and denied in part.  It is admitted that Kevin Jonna signed and delivered an SAFT to Bitcoin Latinum.  Defendant is without sufficient information to ascertain the truth of the remaining matters asserted.  To the extent a response is required, the allegations are denied.

98.     Denied as stated.  It is admitted that Kevin Jonna signed and delivered an SAFT to Bitcoin Latinum.  Defendant is without sufficient information to ascertain the truth of the remaining matters asserted.  To the extent a response is required, the allegations are denied.

99.     Denied as stated.  It is admitted that Kevin Jonna signed and delivered an SAFT to Bitcoin Latinum.  Defendant is without sufficient information to ascertain the truth of the remaining matters asserted.  To the extent a response is required, the allegations are denied.

100.   Denied as stated.  It is admitted that Kevin Jonna signed and delivered an SAFT to Bitcoin Latinum.  Defendant is without sufficient information to

ascertain the truth of the remaining matters asserted.  To the extent a response is required, the allegations are denied.

101.   Denied as stated.  It is admitted that the two wires were received by Defendant and they were credited to Kevin Jonna's account and it is admitted that Kevin Jonna signed and delivered an SAFT to Bitcoin Latinum.  Defendant is without sufficient information to ascertain the truth of the remaining matters asserted.  To the extent a response is required, the allegations are denied.

102.   Denied.  At no time did Bitcoin Latinum's CEW expressly ratify any agency relationship with Kevin Jonna.

103.   Denied as stated.  It is admitted that Kevin Jonna signed and delivered an SAFT to Bitcoin Latinum.  Defendant is without sufficient information to ascertain the truth of the remaining matters asserted.  To the extent a response is required, the allegations are denied.

104.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

105.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

106.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

107.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

108.   Admitted.

109.   Admitted in part and denied in part.  It is admitted that the wire had instructions "For Kevin Jonna", however the remaining allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

110.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

111.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

112.   Denied as stated.  Plaintiff, Simon Jonna, was previously directed to the website of Bitcoin Latinum if he wanted to invest.  Rather than going through

17

the website, which would have required him to acknowledge he as an accredited investor and to sign a SAFT, Simon Jonna chose instead to invest with his cousin, Kevin Jonna, to get a preferred price.

113.   Denied as stated.  Plaintiff, Simon Jonna, was previously directed to the website of Bitcoin Latinum if he wanted to invest.  Rather than going through the website, which would have required him to acknowledge he as an accredited investor and to sign a SAFT, Simon Jonna chose instead to invest with his cousin, Kevin Jonna, to get a preferred price.

114.   Denied as stated.  Plaintiff, Simon Jonna, was previously directed to the website of Bitcoin Latinum if he wanted to invest.  Rather than going through the website, which would have required him to acknowledge he as an accredited investor and to sign a SAFT, Simon Jonna chose instead to invest with his cousin, Kevin Jonna, to get a preferred price.

115.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

116.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

117.   Denied as stated.  Plaintiff, Simon Jonna, is not an investor in Bitcoin Latinum or the tokens.

118.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

119.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

120.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

121.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

122.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

123.   Admitted.

124.   Admitted in part and denied in part.  It is admitted that the wire had instructions "for Kevin Jonna" however Defendant is without sufficient

information to ascertain the truth of the remaining matters asserted. To the extent a response is required, the allegations are denied.

125.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

126.   Denied.  It is specifically denied that Plaintiff Raymond Jonna invested in Bitcoin Latinum or the tokens.

127.   Denied. If Plaintiff Raymond Jonna wanted to invest in Bitcoin Latinum or the tokens, he could and should have gone to Bitcoin Latinum's website.  Rather than going through the website, which would have required him to acknowledge he as an accredited investor and to sign a SAFT, Raymond Jonna chose instead to invest with his cousin, Kevin Jonna, to get a preferred price.

128.   Denied. If Plaintiff Raymond Jonna wanted to invest in Bitcoin Latinum or the tokens, he could and should have gone to Bitcoin Latinum's website.  Rather than going through the website, which would have required him to acknowledge he as an accredited investor and to sign a SAFT, Raymond Jonna chose instead to invest with his cousin, Kevin Jonna, to get a preferred price.

129.   Denied. If Plaintiff Raymond Jonna wanted to invest in Bitcoin Latinum or the tokens, he could and should have gone to Bitcoin Latinum's website.  Rather than going through the website, which would have required him to

acknowledge he as an accredited investor and to sign a SAFT, Raymond Jonna chose instead to invest with his cousin, Kevin Jonna, to get a preferred price.

130.   Admitted. The funds were sent to Bitcoin Latinum "for Kevin Jonna."

131.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

132.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

133.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

134.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

135.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

136.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

137.   Denied.  It is expressly denied that Raymond Jonna invested in Bitcoin Latinum.

138.   Admitted in part and denied in part.  It is admitted that Kevin Jonna signed and delivered an SAFT to Bitcoin Latinum.  The remaining allegations are denied.

139.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

140.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

141.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

142.   Admitted in part and denied in part.  It is admitted that Bitcoin Latinum received the wire with the notation for "Kevin Jonna."  The remaining allegations are denied. Plaintiff was not an investor in Bitcoin Latinum.

143.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

144.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

145.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

146.   Admitted in part and denied in part.  It is admitted that the tokens were listed on the Digifinex Exchage.  As to the remaining allegations, the allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

147.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

148.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

149.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

150.   Denied as stated.  While it admitted that Plaintiff Farid Jamardov contacted Bitcoin Latinum, it is specifically denied that the lack of response from Bitcoin Latinum constitutes ratification of an agency relationship between Kevin Jonna and Bitcoin Latinum.

151.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

152.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied. However it is admitted that no tokens have been released to those that have signed and delivered SAFTs to Bitcoin Latinum.

153.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

154.   Denied.  Kevin Jonna was never an agent of Bitcoin Latinum.

155.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

156.   Admitted.

157.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

158.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

159.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

160.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

161.   Denied.  Kevin Jonna was never an agent of Bitcoin Latinum.

162.   Denied.  Kevin Jonna was never an agent of Bitcoin Latinum.

163.   Denied.  Kevin Jonna was never an agent of Bitcoin Latinum.

164. Denied as stated. It is specifically denied that Kevin Jonna was ever an agent of Bitcoin Latinum. However it is admitted that certain wires had notations that they were for the benefit of Kevin Jonna or "for Kevin Jonna."

165. Admitted. However, it is also admitted that those wires bore indications that they were for the benefit of Kevin Jonna or "for Kevin Jonna."

166. Denied. Bitcoin Latinum did not employ "sales agents."

167. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

168. Denied as stated. The allegations in this paragraph refer to a written document, which speaks for itself. To the extent a response is required, the allegations are denied as stated.

169. Denied as stated. The allegations in this paragraph refer to a written document, which speaks for itself. To the extent a response is required, the allegations are denied as stated.

170. Denied as stated. The allegations in this paragraph refer to a written document, which speaks for itself. To the extent a response is required, the allegations are denied. It is specifically denied that Bitcoin Latinum made any materially false or misleading statements.

171.    Denied as stated.  The allegations in this paragraph refer to a written document, which speaks for itself.  To the extent a response is required, the allegations are denied. It is specifically denied that Bitcoin Latinum made any materially false or misleading statements.

172.    Denied as stated.  The allegations in this paragraph refer to a written document, which speaks for itself.  To the extent a response is required, the allegations are denied. It is specifically denied that Bitcoin Latinum made any materially false or misleading statements.

173.    Denied as stated.  The allegations in this paragraph refer to a written document, which speaks for itself.  To the extent a response is required, the allegations are denied. It is specifically denied that Bitcoin Latinum made any materially false or misleading statements. However it is admitted that those that signed SAFTs have not yet received their tokens, and therefore have nothing to be able to sell.

174.    The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

175.    Denied as stated.  It is admitted that a launch party was had, however the remaining allegations are denied as stated.

176.   Denied as stated.  It is admitted that a marketing event was held during Art Basel, however the remaining allegations are denied.

177.   Denied.

178.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

179.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

180.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

181.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

182.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

183.    Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT 1

184.    Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

185.    Denied.

186.    Denied.

187.    Denied. Plaintiffs did not purchase any securities from Bitcoin Latinum. Plaintiffs instead chose to give their money to their cousin, Kevin Jonna, in order to receive preferred pricing.

188.    Denied.

189.    Denied.

190.    Denied.

## COUNT 2

191.    Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

192.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

193.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

194.   Denied. Plaintiffs did not purchase any securities from Bitcoin Latinum. Plaintiffs instead chose to give their money to their cousin, Kevin Jonna, in order to receive preferred pricing.

195.   Denied.

196.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

197.   Denied.

198.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

199.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

200.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT 3

201.   Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

202.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

203.   Denied. Kevin Jonna was never an agent of Bitcoin Latinum.

204.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

205.   Denied.

## COUNT 4

206.   Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

207.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

208.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

209.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied..

210.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

211.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

212.   Denied.

## **COUNT 5**

213.   Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

214.   The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

215. Denied. It is specifically denied that Kevin Jonna was ever an agent of Bitcoin Latinum.

216. Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

217. Denied.

218. Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

219. Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

220. Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## **COUNT 6**

221. Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

222.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

223.   Admitted.

224.   The allegations in this paragraph are not directed to the Defendant and Defendant is without sufficient information to ascertain the truth of the matters asserted. To the extent a response is required, the allegations are denied.

225.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

226.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

227.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT 7

228.   Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

229.    Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied. It is specifically denied that Bitcoin Latinum concealed anything relating to Kevin Jonna's execution and delivery of his SAFT to Bitcoin Latinum.

230.    Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied. It is specifically denied that Bitcoin Latinum concealed anything relating to Kevin Jonna's execution and delivery of his SAFT to Bitcoin Latinum.

231.    Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied. It is specifically denied that Bitcoin Latinum concealed anything relating to Kevin Jonna's execution and delivery of his SAFT to Bitcoin Latinum.

232.    Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Bitcoin Latinum specifically denies that it owed any duty whatsoever to Plaintiffs.

233.    Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied. It is specifically denied that Bitcoin Latinum "never purchased tokens" on behalf of the Plaintiffs.  Bitcoin Latinum was the issuer of the tokens, not a purchaser.

234.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied. It is specifically denied that Bitcoin Latinum concealed anything relating to Kevin Jonna's execution and delivery of his SAFT to Bitcoin Latinum.

235.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied. It is specifically denied that Bitcoin Latinum concealed anything relating to Kevin Jonna's execution and delivery of his SAFT to Bitcoin Latinum.

236.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied. It is specifically denied that Bitcoin Latinum concealed anything relating to Kevin Jonna's execution and delivery of his SAFT to Bitcoin Latinum

237.   Denied.

## **COUNT 8**

238.   Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

239.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied.

240.   Denied. Kevin Jonna was never an agent of Bitcoin Latinum.

241.   Admitted in part and denied in part.  It is admitted that Bitcoin Latinum received certain wires "for Kevin Jonna."  However, the remaining allegations are denied.

242.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied.

243.   Denied.

244.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied.

245.   Admitted.  Plaintiffs did not sign and deliver SAFTs to Bitcoin Latinum and are not entitled to any tokens from Bitcoin Latinum.

246.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied.

247.   Denied.

248.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied.

249.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied.

250.   Denied.  Plaintiffs did not sign and deliver SAFTs to Bitcoin Latinum and are not entitled to any tokens from Bitcoin Latinum.

251.   Denied.  While it is admitted that Bitcoin Latinum received certain wires with notations that they were "for Kevin Jonna" the remaining allegations are denied.

## COUNT 9

252.   Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

253.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied.

254.   Denied.  Kevin Jonna was never an agent of Bitcoin Latinum.

255.   Denied. Kevin Jonna was never an agent of Bitcoin Latinum and Bitcoin Latinum did not ratify any such alleged agency relationship.

256.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied.

257.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied.

258.   Denied.  It is specifically denied that Bitcoin Latinum intended on Plaintiffs to rely on anything from Kevin Jonna.  Kevin Jonna was never an agent of Bitcoin Latinum.

259.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied.

260.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied. It is specifically denied that Bitcoin Latinum "never purchased tokens" on behalf of the Plaintiffs.  Bitcoin Latinum was the issuer of the tokens, not a purchaser.

261.   Admitted.  Plaintiffs did not sign and deliver SAFTs to Bitcoin Latinum therefore they were not entitled to any tokens.

262.   Denied. Plaintiffs did not sign and deliver SAFTs to Bitcoin Latinum therefore they were not entitled to any tokens.

263.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied.

264.   Denied.

265.   Denied.

266.   Denied as stated. The allegations in this paragraph refer to a written document, which speaks for itself.

267.   Denied.  It is specifically denied that any such statements were materially false or misleading.

268.   Denied.  It is specifically denied that any such statements were materially false or misleading. As Plaintiffs should be aware, Tesla stopped production of its Tesla Roadster after the announcement of the giveaway. With no

possible way of getting a car that was never built, the contest could not go forward and was cancelled by Bitcoin Latinum.

269.   Denied.  It is specifically denied that any such statements were materially false or misleading.

270.   Denied.  It is specifically denied that any such statements were materially false or misleading. By way of further answer, the Cyber Yacht promotional materials and the Tesla Roadster Giveaway promotional materials were published after Plaintiff claim they "invested" in Bitcoin Latinum and therefore could not have served as an inducement to Plaintiffs for such "investment."

## **COUNT 10**

271.   Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

272.   The allegations in this paragraph are not directed to Bitcoin Latinum, therefore no response is required.  To the extent a response is required, the allegations are denied.

273.   The allegations in this paragraph are not directed to Bitcoin Latinum, therefore no response is required.  To the extent a response is required, the allegations are denied.

274.   The allegations in this paragraph are not directed to Bitcoin Latinum, therefore no response is required.  To the extent a response is required, the allegations are denied.

275.   The allegations in this paragraph are not directed to Bitcoin Latinum, therefore no response is required.  To the extent a response is required, the allegations are denied.

276.   The allegations in this paragraph are not directed to Bitcoin Latinum, therefore no response is required.  To the extent a response is required, the allegations are denied.

277.   The allegations in this paragraph are not directed to Bitcoin Latinum, therefore no response is required.  To the extent a response is required, the allegations are denied.

278.   The allegations in this paragraph are not directed to Bitcoin Latinum, therefore no response is required.  To the extent a response is required, the allegations are denied.

279.   The allegations in this paragraph are not directed to Bitcoin Latinum, therefore no response is required.  To the extent a response is required, the allegations are denied.

280.   The allegations in this paragraph are not directed to Bitcoin Latinum, therefore no response is required.  To the extent a response is required, the allegations are denied.

281.   The allegations in this paragraph are not directed to Bitcoin Latinum, therefore no response is required.  To the extent a response is required, the allegations are denied.

282.   The allegations in this paragraph are not directed to Bitcoin Latinum, therefore no response is required.  To the extent a response is required, the allegations are denied.

283.   The allegations in this paragraph are not directed to Bitcoin Latinum, therefore no response is required.  To the extent a response is required, the allegations are denied.

284.   The allegations in this paragraph are not directed to Bitcoin Latinum, therefore no response is required.  To the extent a response is required, the allegations are denied.

## COUNT 11

285.   Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

286. Denied as stated. Bitcoin Latinum is unaware of any benefits it may have conferred upon itself. However, it is admitted that certain wires were received from Plaintiffs that bore the notation "for Kevin Jonna."

287. Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied.

288. Admitted that Kevin Jonna's SAFT was for the pre-purchase price of $8.00 per token in exchange for his execution and delivery of the SAFT to Bitcoin Latinum.

289. Denied. Plaintiffs never signed or delivered SAFTs to Bitcoin Latinum, therefore they are not entitled to any tokens at any price.

290. Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied.

291. Admitted. Plaintiffs never signed or delivered SAFTs to Bitcoin Latinum, therefore they are not entitled to any tokens at any price.

292. Admitted that no money has been paid by Bitcoin Latinum to any Plaintiff.

293. Denied.

## **COUNT 12**

294. Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

295.   Denied as stated. However, it is admitted that certain wires were received from Plaintiffs that bore the notation "for Kevin Jonna."

296.   Admitted. It is admitted that certain wires were received from Plaintiffs that bore the notation "for Kevin Jonna."

297.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied.

298.   Admitted. Plaintiffs never signed and delivered SAFTs to Bitcoin Latinum therefore Plaintiffs were not entitled to any tokens.

299.   Denied as stated.  It is admitted that Bitcoin Latinum has not made any payments to Plaintiffs, however it is denied that any such payments are owed.

300.   Denied. It is specifically denied that the money transferred to Bitcoin Latinum was not used for its intended purpose, which was for Kevin Jonna to pre-purchase tokens at a set price.

301.   Denied. Plaintiffs surrendered all rights to any funds, when they voluntarily transferred those funds to Bitcoin Latinum "for Kevin Jonna."

302.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied. It is specifically denied that Bitcoin Latinum concealed anything relating to Kevin Jonna's execution and delivery of his SAFT to Bitcoin Latinum.

303.   Denied.  Bitcoin Latinum made no such representations to Plaintiffs.

304.   Denied. Plaintiffs sought preferred pricing by going through their cousin rather than going directly through Bitcoin Latinum and executing and delivering SAFTs to Bitcoin Latinum in exchange for the pre-purchase of the tokens.

305.   Denied. Plaintiffs sought preferred pricing by going through their cousin rather than going directly through Bitcoin Latinum and executing and delivering SAFTs to Bitcoin Latinum in exchange for the pre-purchase of the tokens.

306.   Denied.  It is specifically denied that Kevin Jonna was ever an agent of Bitcoin Latinum.  By way of further answer, Plaintiffs sought preferred pricing by going through their cousin rather than going directly through Bitcoin Latinum and executing and delivering SAFTs to Bitcoin Latinum in exchange for the pre-purchase of the tokens.

307.   Denied. It is specifically denied that Bitcoin Latinum committed fraud in any manner whatsoever.

## COUNT 13

308.   Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

309.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

310.   Denied. The SAFTs were offered through Bitcoin Latinum's website to certain qualified investors only and only after a SAFT was executed and delivered to Bitcoin Latinum.

311.   Denied.  Bitcoin made no statements that were untrue or misleading whatsoever.

312.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

313.   Denied. By way of further answer, Plaintiffs sought preferred pricing by going through their cousin rather than going directly through Bitcoin Latinum and executing and delivering SAFTs to Bitcoin Latinum in exchange for the pre-purchase of the tokens.

314.   Denied. By way of further answer, Plaintiffs sought preferred pricing by going through their cousin rather than going directly through Bitcoin Latinum and executing and delivering SAFTs to Bitcoin Latinum in exchange for the pre-purchase of the tokens.

**COUNT 14**

315.   Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

316.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied. It is specifically denied that Kevin Jonna was ever an agent of Bitcoin Latinum.

317.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

318.   Denied. The allegations in this paragraph comprise conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

319.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied. It is specifically denied that Kevin Jonna was ever an agent of Bitcoin Latinum.

320.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied. It is specifically denied that Kevin Jonna was ever an agent of Bitcoin Latinum or that Bitcoin Latinum made any material misrepresentations to Plaintiffs.

321.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied. It is specifically denied that Kevin Jonna was ever an agent of Bitcoin Latinum.

322.   Defendant is without sufficient information to ascertain the truth of the matter asserted. To the extent a response is required, the allegation is denied. It is specifically denied that Kevin Jonna was ever an agent of Bitcoin Latinum or that Kevin Jonna ever received a "bonus" from Bitcoin Latinum.

323.   Denied. It is denied that Plaintiffs' reliance was justified and it is denied that Plaintiffs transferred a total of $541,000 to Bitcoin Latinum.

324.   Denied. It is denied that Plaintiffs' reliance was justified and it is denied that Bitcoin Latinum issued any false or misleading promotional materials.

325.   Denied. The allegations refer to a written document which speaks for itself.

326.   Denied.  It is specifically denied that any representations on its website were false or materially misleading.

327.   Denied.  It is specifically denied that any representations on its website were false or materially misleading. Tesla ceased production of the Tesla Roadster and the giveaway was therefore cancelled.

328.   Denied.  It is specifically denied that any representations on its website were false or materially misleading.

329.   Denied.  It is specifically denied that any representations on its website were false or materially misleading.

330.   Denied. It is denied that Plaintiffs' reliance was justified and it is denied that Plaintiffs transferred a total of $541,000 to Bitcoin Latinum.

## COUNT 15

331.   Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

332.   The allegations in this paragraph are not directed to Bitcoin Latinum, therefore no response is required.  To the extent a response is required, the allegations are denied.

333.   The allegations in this paragraph are not directed to Bitcoin Latinum, therefore no response is required.  To the extent a response is required, the allegations are denied.

334.   The allegations in this paragraph are not directed to Bitcoin Latinum, therefore no response is required.  To the extent a response is required, the allegations are denied.

335.   The allegations in this paragraph are not directed to Bitcoin Latinum, therefore no response is required.  To the extent a response is required, the allegations are denied.

336. The allegations in this paragraph are not directed to Bitcoin Latinum, therefore no response is required. To the extent a response is required, the allegations are denied.

## DAMAGES

337. Defendant incorporates its responses to all preceding paragraphs as if fully set forth herein.

338.– 346. Denied. It is specifically denied that Plaintiffs are entitled to any damages from Bitcoin Latinum. By way of further answer, no tokens have been released to those that executed and delivered SAFTs to Bitcoin Latinum, so any calculation of damages based on some made up release date in the past is an absurd measure of damages.

## PRAYER FOR RELIEF

Defendant, GIBF, Inc., d/b/a Bitcoin Latinum respectfully requests the Court enter judgment in its favor, dismissing Plaintiffs' complaint with prejudice, and awarding Defendant any and all attorneys' fees, costs of suit, and such other and further relief as the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

Defendant GIBF, Inc., d/b/a Bitcoin Latinum, through counsel, submits the following Affirmative and/or Special Defenses:

1.      Some or all of Plaintiffs' claims against Defendant fail to state a claim upon which relief can be granted.

2.      Some or all of Plaintiffs' claims against Defendant fail as a matter of law because they do not contain the requisite specificity required by statute.

3.      Some or all of Plaintiffs' claims against Defendant fail as a matter of law because they allege nothing more than an opinion or puffery.

4.      Some or all of Plaintiffs' claims fail because Defendant was not engaged in the offering and selling of securities.

5.      Some or all of Plaintiffs' claims fail because Defendant did not know of any purported misrepresentation or omission.

6.      Some or all of Plaintiffs' claims fail because of the Doctrine of *In pari delicto*.

7.      Some or all of Plaintiffs' claims fail because Plaintiffs' cannot establish causation.

8.      Some or all of Plaintiffs' claims fail because Defendant was not a substantial factor in the alleged transactions.

9.      Some or all of the claims are barred by the doctrine of unclean hands and/or that the circumstances upon which the claims are alleged are due to Plaintiffs' own actions or inactions.

10.     Some or all of Plaintiffs' claims fail because of the actions, inactions or omissions of persons or entities other than Defendant.

11.     Some or all of Plaintiffs' claims are barred because Plaintiffs failed to mitigate their purported damages.

12.     Some or all of the claims are barred by the doctrines of waiver, release, laches and estoppel.

13.     Some or all of the claims are barred due to ratification and/or consent to the actions taken by the relevant parties.

14.     Some or all of the claims are barred, in whole or in part, by Plaintiffs' own wrongful conduct.

15.     Some or all of Plaintiffs' claims are barred by the pertinent Statute of Limitations or the Doctrine of Laches.

16.     The statements about which Plaintiff's complain are not actionable pursuant to securities laws.

17.     Some or all of Plaintiffs' claims fail to comply with California's Section 382 of the Code of Civil Procedure.

18.     Defendant owed Plaintiffs no duty for which liability could arise under applicable law.

19.     Some or all of Plaintiffs' claims are barred because they failed to comply with statutory requirements.

20.     Defendant made no material misrepresentation.

21.     Some or all of Plaintiff's claims fail because Defendant Kevin Jonna was

        not an agent of Defendant.

22.     Some or all of Plaintiffs' claims fail because Defendant did not solicit or

        induce Plaintiffs.

23.     Some or all of the Plaintiffs' claims fail because requisite events did not

        occur in the state of California.

24.     Some or all of Plaintiffs' claims fail because Defendant cannot be liable

        under Rule 10b-5.

25.     Some or all of Plaintiffs' claims fail because Defendant's purported acts

        were neither reckless nor intentional.

26.     Some or all of Plaintiffs' claims fail because Plaintiffs' reliance on

        Defendant Kevin Jonna's alleged misrepresentation or omission was not

        reasonable.

27.     Some or all of Plaintiffs' claims fail because Plaintiffs' reliance on

        Defendant's alleged misrepresentation or omission was not reasonable.

28.     Plaintiffs lack privity of contract with the Defendant.

29.     Some or all of Plaintiffs claims fail because at all times Plaintiffs were

        otherwise "accredited investors" as that term is defined by applicable

        State and Federal law.

30. Defendant reserves the right to amend these Affirmative Defenses as more information becomes available.

Respectfully submitted,

By: /s/ Eric A. Browndorf
    Eric A. Browndorf, Esq.
    (Admitted *pro hac vice*)
    William P. Rubley, Esq.
    (Admitted *pro hac vice*)
    1415 Marlton Pike East
    Cherry Hill Plaza, Suite 205
    Cherry Hill, NJ 08034
    (856) 795-9110; Fax: (856) 795-8641
    ebrowndorf@cooperlevenson.com
    wrubley@cooperlevenson.com
    *Attorneys for Defendant Bitcoin Latinum*

By: /s/ Patrick C. Lannen
    Patrick C. Lannen, Esq. (P73031)
    John R. Stevenson (P70241)
    38505 Woodward Ave., Suite 100
    (248) 901-4027
    plannen@plunkettcooney.com
    jstevenson@plunkettcooney.com

    *Attorneys for Defendant Bitcoin Latinum*

## CERTIFICATION OF SERVICE

I hereby certify that on October 26, 2022, I e-filed through CM/ECF system the above Answer and Affirmative Defenses and this Certification of Service to all counsel of record.

I DECLARE THAT THE FOREGOING STATEMENT IS TRUE AND CORRECT TO THE BEST OF MY INFORMATION, KNOWLEDGE, AND BELIEF.

/s/ William P. Rubley
William P. Rubley

54