# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### (SOUTHERN DIVISION)

|  |  |  |
|---|---|---|
| RAYMOND JONNA, SIMON JONNA, and FARID JAMARDOV, | : : : : : | |
| Plaintiffs, | : : | CASE NO.: 22-CV-10208 |
| v. | : : : | HON. Laurie J. Michelson MAG. Jonathan J.C. Grey |
| KEVIN JONNA, and GIBF GP, Inc. d/b/a BITCOIN LATINUM, | : : : : | |
| Defendants. | : : | |

## CERTIFICATION OF DONALD BASILE
## IN SUPPORTOF MOTION TO INTERVENE

1.      I Donald G. Basile, am the Chief Executive officer of Defendant GBIF GP, Inc. d/b/a Bitcoin Latinum ("Latinum") and also serve as a principal of Monsoon Blockchain Corp. ("Monsoon") and I am intimately familiar with the facts contained in this Certification.

2.      I reviewed the Plaintiffs' Opposition to the Motion to Disqualify Counsel and the Opposition to the Motion to Intervene.

3.      When I first retained Dickinson Wright on behalf of Monsoon I believe that Dickinson Wright was representing both myself and Monsoon as the issues related to the engagement were and are substantially related to the issues raised in this matter.

4.      Throughout the engagement with Dickinson Wright, I was asked and I produced to Dickinson Wright confidential protected information about both Monsoon and Latinum concerning the entire Latinum project. Exhibits A, B, and C to my earlier Certification in Support of the Motion to Disqualify Dickenson Wright (incorporated herein by reference) contain some but not all of the otherwise confidential protected information.

5.       At no time did Dickinson Wright ever disclose to me that they were also representing the Plaintiffs and contemplating filing a lawsuit against Latinum. At no time was I ever asked to waive or consent to any conflict of information. Had they done so, I never would have consented.

6.      I only became aware that Dickinson Wright's representation of the Plaintiffs may be barred because of their current representation of myself and Monsoon related to the patent applications. I originally believed that there was no conflict of interest because the attorneys for the patent application engagement were different than those that entered their appearance in this matter.

7.      It was only after my lawyers discovered the payments to Dickinson Wright in the financial records turned over by Citibank, did I learn that the concurrent representation created an incurable conflict of interest. The Motion to Disqualify and this Motion to Intervene were expeditiously filed.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  February 4, 2023            /s/ Donald G. Basile
                                    Dr. Donald G. Basile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## (SOUTHERN DIVISION)

RAYMOND JONNA, SIMON JONNA, and
FARID JAMARDOV,

                        Plaintiffs,

v.

KEVIN JONNA, and GIBF GP, Inc. d/b/a
BITCOIN LATINUM,

                        Defendants.

CASE NO.:  22-CV-10208

HON. Laurie J. Michelson
MAG. Jonathan J.C. Grey

I HEREBY CERTIFY that on February 6th, 2023 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. first class mail for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

Dated: February 6, 2023

By:    /s/ Todd A. Holleman
        Todd A. Holleman, Esq.
        James R. Peterson, Esq.
        Miller Johnson
        409 E. Jefferson Avenue, 5th Floor
        Detroit, MI 48226
        313-672-6939
        hollemant@millerjohnson.com
        petersonj@millerjohnson.com
        *Attorneys for Monsoon Blockchain Corporation and Donald Basile*