UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND JONNA, SIMON JONNA, and FARID JAMARDOV,<br><br>    Plaintiffs,<br><br>v.<br><br>GIBF GP, INC. d/b/a BITCOIN LATINUM and KEVIN JONNA,<br><br>    Defendants. | Case No. 22-10208<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER GRANTING IN PART
MOTIONS TO SEAL [68, 70, 74, 80, 102, 105]**

In September 2021, Kevin Jonna reached out to Plaintiffs with a business opportunity to invest in Bitcoin Latinum and pre-purchase its cryptocurrency, Token. Plaintiffs allege that Kevin Jonna acted at the behest of Latinum and its CEO. Kevin Jonna's efforts to persuade Plaintiffs to invest were part of a larger scheme, say Plaintiffs, where Latinum enlisted poker players to promote its Token in exchange for compensation, all the while making false or misleading statements to the public to induce individuals to invest.

In the past few months, the parties have filed a flurry of discovery motions. As part of the briefing on these issues, each party filed documents that, per Latinum's confidentiality designations under the parties' protective order, were to be filed under seal.

So the Court now considers these motions to seal. (ECF Nos. 68, 70, 74, 80, 102, 105.)

## I.

In particular, the parties have moved to seal the following documents: the engagement letter between Monsoon Blockchain (the entity that Latinum contracted with to develop a network to support Token) and Dickinson Wright (ECF No. 68, PageID.1982); a credit card receipt showing payment from Monsoon Blockchain to Dickinson Wright (*id.*); a contract between Latinum and Monsoon Blockchain (*id.*); email communications between Monsoon Blockchain and Dickinson Wright (*id.*; ECF No. 80, PageID.2312); two provisional patent applications from Monsoon Blockchain (ECF No. 70, PageID.2066); portions of Plaintiffs' response to the motion to disqualify, which cites communications between Dickinson Wright and Monsoon Blockchain (ECF No. 74); a presentation by Monsoon Blockchain to Dickinson Wright explaining the technology it wished to patent (ECF No. 80, PageID.2312); Latinum's bank records (ECF No. 105, PageID.3912); and portions of Plaintiffs' forthcoming motion for partial summary judgment (ECF No. 102, PageID.3065). The Court will address each in turn.

But first, a word on the standard. There is a longstanding and "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). Thus, a party that seeks to seal certain documents must meet a high burden, as only "the most compelling reasons . . . justify non-disclosure of [the] judicial records." *Id.* (internal citations

omitted). If "the public interest in the litigation's subject matter" is great, then this burden only grows heavier. *Id.* And "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.* In other words, "[t]o meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019).

## A.

The Court starts by considering the documents that Latinum contends reflect attorney-client privileged communications between Monsoon Blockchain and Dickinson Wright.

The Sixth Circuit has recognized that privileged documents, including those protected by the attorney-client privilege, are "typically enough to overcome the presumption of access." *Shane Grp., Inc.*, 825 F.3d at 308. In other words, attorney-client privilege presents a "compelling reason" to seal certain documents.

The Court finds that this justification applies to the communications between Dickinson attorneys and Monsoon Blockchain that relate to Dickinson's representation of Monsoon. (ECF No. 68, PageID.1982; ECF No. 80, PageID.2312.) The communications discuss Monsoon's purpose in seeking legal counsel, Monsoon's desired strategy moving forward, and updates on Dickinson's progress in completing the work. These confidential communications reveal information that Monsoon

3

provided for the purpose of receiving legal advice and are thus privileged. *Reed v. Baxter*, 134 F.3d 351, 355–56 (6th Cir. 1998) ("The elements of the attorney-client privilege are as follows: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived."). So Latinum has presented a compelling interest in sealing these communications.

The Court also finds that there is minimal public interest in viewing the content of these communications. The details of the communications between Monsoon and Dickinson are not important to understanding Latinum's motion or the Court's ruling on the matter. *See Wiggins v. Bank of Am., N.A.*, No. 2:19-CV-3223, 2020 WL 7056479, at *2 (S.D. Ohio Dec. 2, 2020) ("[T]he public can understand the nature of the discovery dispute at issue in Plaintiff's Motion to Compel without accessing the redacted information."). And these communications have relatively little to do with the alleged wrongful conduct in this litigation, as they concern Monsoon and its relationship with counsel, and not Latinum or Plaintiffs. So there is little weighing against sealing the documents.

And the request to seal these communications is not overly broad, as the communications as a whole reflect confidential communications made for the purpose of obtaining legal advice. So the Court will seal these communications. (*See* ECF No. 69-1, PageID.2045–2059; ECF No. 78, PageID.2258–2260, 2287–2299.)

However, the Court will not seal the engagement letter from Dickinson Wright to Monsoon. Latinum argues that the letter contains attorney-client privileged communications. But the letter contains no disclosure that was "in fact made for the purpose of obtaining legal advice in a manner contemplated by the privilege." *Jackson v. Ethicon, Inc.*, 566 F. Supp. 3d 757, 768 (E.D. Ky. 2021). And it does not reflect any legal advice either. The engagement letter outlines the nature of the relationship, the general scope of the work to be performed, and the rates Dickinson Wright charged for the work. But the fact of the representation itself and the fee "are facially nonprivileged details." *Jackson*, 566 F. Supp. 3d at 768. Latinum has not identified any specific statement within the agreement that implicates the purpose of attorney-client privilege—to encourage full and honest disclosures from clients. *See Reed v. Baxter*, 134 F.3d 351, 356 (6th Cir. 1998). Indeed, most of the agreement is not specific to Monsoon, and thus, is not a confidential statement made for the purpose of obtaining advice. And despite Latinum's arguments to the contrary, the Court does not see any "proprietary business information" in the engagement letter. (ECF No. 68, PageID.1989.) So the Court finds that there is no compelling reason to seal the engagement letter.

Further, the request is not narrowly tailored. At most, there is one sentence in the letter that concerns the scope of the work Monsoon hired Dickinson Wright to perform. Perhaps that limited portion is privileged. But the rest of the document contains general terms that do not "reveal the motive of the client in seeking representation, litigation strategy or the specific nature of the services provided[.]"

5

*See Ketter v. City of Newark, Ohio*, No. 2:11-CV-00734, 2013 WL 2424427, at *2 (S.D. Ohio June 4, 2013) (internal citations omitted). So the engagement letter (ECF No. 69-1, PageID.2021) will not be sealed.

Relatedly, Plaintiffs seek to seal portions of their response brief that cite the two types of documents discussed above—the engagement letter and communications between Dickinson Wright and Monsoon. (ECF No. 74.) For the reasons provided, the Court will not seal the portions of the brief that relate to the engagement letter as those portions do not contain privileged information. But it will allow citations to the communications to be sealed. As Plaintiffs' response is integral to the Court's decision on the motion to disqualify, the Court requires Plaintiffs to refile their response brief in compliance with this ruling.

**B.**

Latinum also seeks to seal a receipt showing payment from Don Basile to Dickinson Wright for its representation of Monsoon Blockchain. In support of sealing the receipt, Latinum states it contains "personal information of Donald Basile, including credit card payment information."(ECF No. 68, PageID.1986.)

Latinum has not met its burden of showing that there is a compelling interest in sealing this document. As the Court explained, "[a]lthough contracts for legal services and engagement letters might contain privileged communications, billing records and invoices are generally not protected." *Ketter v. City of Newark, Ohio*, No. 2:11-CV-00734, 2013 WL 2424427, at *2 (S.D. Ohio June 4, 2013). The fact that Dickinson Wright represented Monsoon, and that it was paid a certain fee for this

6

work, is not privileged. And Latinum does not provide any authority for its assertion that a payment receipt contains sensitive information that overcomes the presumption of openness for court records.

Further, the request is not narrowly tailored. The only potential private information—the credit card information—can be redacted without sealing the entirety of the document. The Court also notes that only the last four digits of the credit card number are shown on the receipt.

So the Court will not seal the receipt showing payment to Dickinson Wright. (*See* ECF No. 69-1, PageID.2030–2031.)

### C.

The Court next addresses sealing documents that contain confidential or proprietary business information.

"As this Court, and other courts in this circuit, have held, parties have a compelling interest in sealing documents that 'might harm a litigant's competitive standing' and/or 'reveal internal strategy to a party's competitors.'" *See In re Gen. Motors Air Conditioning Mktg. & Sales Practices Litig.*, No. 18-02818, 2023 WL 319922, at *3 (E.D. Mich. Jan. 19, 2023) (citing *McClure v. Leafe*, No. 17-13106, 2019 WL 13201174, at *1 (E.D. Mich. Aug. 20, 2019)).

Disclosure of Latinum's contract with Monsoon would reveal an "internal strategy" that could harm Latinum's "competitive standing." The contract outlines the structure by which Latinum is going to conduct business with its related entity, GP (Cayman) Ltd., and Monsoon. It discusses the details of the software Monsoon

7

was to develop for Latinum. This information reveals strategic decisions employed by Latinum (and other entities that are not parties to this litigation) in creating and developing Token, which is the primary product it offers. Competitors would be able to understand how Latinum developed its cryptocurrency and potential future plans for this product, which would allow them to copy such strategies or undercut them in some way.

Likewise, the presentation Monsoon sent to Dickinson Wright detailing its proposed provisional patents would reveal sensitive commercial information. (*See* ECF No. 80, PageID.2312.) The presentation describes the exact reasons Monsoon believes its technology is innovative and why it seeks to apply for a provisional patent. It explains what Monsoon thinks is missing in the cryptocurrency market and how it plans to solve this issue. Competitors can readily use this information to better their own products or develop competing technology. The presentation also implicates attorney-client privilege, as it provides confidential information from Monsoon to Dickinson Wright so Dickinson Wright can appropriately advise Monsoon on filing a provisional patent. So there is also a compelling justification for sealing the presentation Monsoon created and sent to its counsel.

The provisional patent applications themselves reveal similarly sensitive commercial information about Monsoon's technology. The provisional patent applications describe the contours of Monsoon's inventions in great detail, including the inventions' functions and limitations. As this information could be used to replicate the technology, the Court finds that it impacts Monsoon's competitive

8

standing. Thus, there is a compelling reason for sealing the provisional patent applications.

Further justifying sealing is the fact that these documents reveal information that belongs and pertains to third parties, like Monsoon. The Sixth Circuit has advised that records that implicate third parties to a litigation "should weigh heavily in a court's balancing equation" when considering sealing. *Shane Grp., Inc.*, 825 F.3d at 308. So the interest in sealing is even greater given that information about non-parties is contained in these documents.

As to the second factor, none of these documents are important to understanding the alleged attorney conflict described in the motion to disqualify. They either evidence the attorney-client relationship between Dickinson Wright and Monsoon, which is not a fact at issue, or show the nature of Monsoon and Latinum's relationship. So the public interest in viewing these documents is minimal at this point in the litigation.

And the request is narrowly tailored to the purpose, as the entirety of these documents contain confidential information as to Latinum and/or Monsoon that reflect their business strategy and could harm their competitive stance in the market.

So the Court grants the motions to seal (ECF Nos. 68, 70, 80) as to Latinum's contract with Monsoon (ECF No. 69-1, PageID.2032–2044), the presentation Monsoon made to Dickinson (ECF No. 78, PageID.2261–2286), and Monsoon's provisional patent applications (ECF No. 71).

## D.

The Court will also grant the motion to seal Latinum's bank records (ECF No. 105) at this stage of the litigation.

The bank records contain information about numerous third parties who wired or otherwise sent money to Latinum. These individuals are not parties to this litigation and retain some expectation of privacy that their financial choices and information are not revealed to the public. *See In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 477 (6th Cir. 1983) ("[T]he individuals protected by the closure order here are third parties who were not responsible for the initiation of the underlying litigation. . . . Their interests in privacy are sufficiently compelling to justify non-disclosure."); *see also Shane Grp., Inc.*, 825 F.3d at 308 (discussing the decision in *In re Knoxville* in the context of protecting third-party interests). As these investors did not do anything to give rise to this lawsuit, the Court finds that their privacy is a compelling reason to seal the bank records, which contain the identities and financial information of those who sent money to Latinum.

And the details of Latinum's bank records are not necessary for the public to understand the dispute. True, they are central to Latinum's motion to supplement its motion to disqualify counsel (ECF No. 101) because Latinum asserts that Plaintiffs' counsel leaked these records. And the content of these records were put at issue by Plaintiffs' response to the motion. But the issue of whether the bank records were leaked is ancillary to the claims in this litigation. And given the strong interest in protecting third-party information, especially information that did not give rise to

this lawsuit, the Court finds that any public interest in viewing the documents is outweighed by the interest in keeping them sealed, at least for the purposes of the present motions.

The Court also finds that the request is not overly broad, as each record reveals information about an investor's identity and bank account that need not be disclosed at this stage in the litigation.

So the motion to seal the bank records (ECF No. 106) is granted.

### E.

Plaintiffs ask the Court to also seal exhibits that will be used in a yet-to-be-filed motion for partial summary judgment. (ECF No. 102.)

The motion states, however, that "Plaintiffs are unable to articulate why any of these documents should be sealed." (ECF No. 102, PageID.3065.) Obviously, without any articulated justification, the Court cannot grant the motion. *Shane Grp., Inc.*, 825 F.3d at 305–06 ("The proponent of sealing therefore must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."). The Sixth Circuit has further clarified that compliance with a protective order is an inadequate basis for sealing. *Id.* at 307 ("In sealing all these documents and exhibits, the parties and the district court plainly conflated the standards for entering a protective order under Rule 26 with the vastly more demanding standards for sealing off judicial records from public view."). Latinum, who apparently designated the documents for sealing, has not provided any reasons in support.

11

So the Court instructs Latinum that, if it wants the Court to seal the exhibits Plaintiffs list in their motion, as opposed to simply redacting them, it must docket a brief in response that sets out why, under *Shane Group,* sealing is appropriate. The response is due by May 11, 2023. Plaintiffs are directed to wait until after this date to file their partial motion for summary judgment.

## II.

In sum, the Court ORDERS the following:

Latinum's motion to seal Exhibits A, B, C, and F (ECF No. 68) is GRANTED IN PART. Exhibit C, the software agreement between Latinum, Monsoon, and Latinum (Cayman), (ECF No. 69-1, PageID.2032–2044), and Exhibit F, communications between Latinum and Dickinson Wright, (*id.* at PageID.2045–2059), will be sealed. The engagement letter and the credit card receipt (ECF No. 69-1, PageID.2022–2031) will not be sealed. As the Court will rely on neither in deciding the motion to disqualify, no further action is required.

Latinum's motion to seal already-filed exhibits J and K (ECF No. 70), which are the provisional patent applications (ECF No. 71), is GRANTED.

Plaintiffs' motion to seal portions of their response brief (ECF No. 74) is GRANTED IN PART. Plaintiffs may seal the portions of their brief that cite to communications between Monsoon and Dickinson Wright and the provisional patent applications as set forth above. But it may not seal the portions that cite to the engagement letter. So Plaintiffs are directed to refile their response with redactions of only those portions that the Court sealed by May 9, 2023.

Latinum's motion to seal portions of Basile's affidavit (ECF No. 80) is GRANTED. Exhibits A, B, and C (communications between Monsoon and Dickinson Wright and Monsoon's presentation), as well as the corresponding portions of the affidavit (ECF No. 78), will be sealed.

Latinum is ordered to respond to Plaintiffs' motion to seal portions of their partial motion for summary judgment (ECF No. 102) if it wishes to seal the exhibits listed in the motion by May 11, 2023.

Plaintiffs' motion to seal the bank records (ECF No. 105) is GRANTED. The bank records (ECF No. 106) are sealed at this stage of the litigation.

As to any document that was sealed, the Court may be willing to reconsider its decision to seal these documents if circumstances change. *See* E.D. Mich. LR 5.3(c); *see also Mitchell v. Tennessee*, No. 3:17-CV-00973, 2020 WL 6712169, at *1 (M.D. Tenn. Nov. 16, 2020) (vacating a prior order granting a motion to seal and noting that a district court has "inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment" (quoting *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008))); *Evans v. Mallory*, 2009 WL 2900718, at *3 (refusing to seal prison surveillance video because it was "the centerpiece of [Defendant's] summary judgment motion," among other reasons).

SO ORDERED.

Dated: May 4, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE